IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ARNULFO ANDRES LOPEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-371 |
| § | |
| UNKNOWN GALVESTON POLICE § | |
| OFFICER #1, A/K/A "OFFICER POPE," § | |
| INDIVIDUALLY AND AS A POLICE § | |
| OFFICER WITH THE GALVESTON § | |
| POLICE DEPARTMENT, et al., § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

In early 2003, Attorney Valorie Davenport ("Davenport") represented several Plaintiffs in a complex personal injury lawsuit styled *Greek et al. v. Monsanto Co. et al.*, No. 3:01-709 (S. D. Tex. filed Nov. 9, 2001).[1] On January 7, 2003, the case came before the Court for docket call. At that time, Davenport requested a continuance. Because Davenport had utterly failed to comply with the Court's Scheduling Order in that case, and because she was under medical treatment that was affecting her ability to competently practice law, the Court ordered her to withdraw from the case. Additionally, the Court ordered that she was to withdraw from any other cases then pending in the Galveston Division of the Southern District and was to refrain from practicing before this Court for

---

[1] The Court does not consider this Order worthy of publication. Therefore, it has not requested and does not authorize publication.

1

an indefinite period of time, until she provided the Court with, among other things, a letter from a board-certified psychiatrist certifying her as capable of the rigors of legal practice.[2]

Davenport has not practiced before this Court until recently. Several weeks ago, a number of Davenport's cases were removed to this Court. After their removal, Davenport contacted the Court's case manager informing her that Davenport now had cases pending in this Court. Upon the Court's instruction, the case manager then informed Davenport that she was not permitted to return unless she complied with the foregoing requirements. Davenport expressed that she was unable to comply with the requirements as set out by the Court. Accordingly, the Court's Order from January 7, 2003 is still in effect, and Davenport is not permitted to practice before this Court. In accordance with this prohibition, Davenport filed a Motion for Leave to Withdraw from the current case on July 10, 2006. Said Motion was granted on July 13, 2006. Despite having eight weeks to formally withdraw and appropriately inform the Court of the Plaintiff's forwarding address, Davenport did nothing.

On September 6, 2006, two months after her withdrawal, Davenport appeared in Court for a Rule 16 Scheduling Conference in this case. Davenport's appearance on that day was in direct violation of the Court's instructions in this and previous cases. Her unauthorized appearance in Court on behalf of Plaintiff was of the same effect as an appearance by a member of the general public. She is not a member of the bar of this Court, has not been admitted pro hac vice, has withdrawn, and has apparently not advised her client of his need to retain new and competent counsel. Davenport has absolutely no standing to speak on behalf of the Plaintiff in this case, and for inexplicable reasons had failed to follow the clear and simple instructions of the Court.

---

[2]These Orders were made orally in open court on January 7, 2003.

The Court takes no pleasure in this Order, and this bizarre conduct on the part of Davenport only reinforces this Court's sincere concern for her mental well being. Nevertheless, enough is enough. Accordingly, this case is **DISMISSED WITH PREJUDICE.** However, Plaintiff can move to reopen this case within sixty (60) days of the date of this Order, and such Motion submitted either *pro se* or through another attorney will be granted.. Attorney Davenport is **ORDERED** to provide a copy of this Order to her client by certified mail, copied to this Court, within five (5) days of the date of this Order. Additionally, Davenport is **ORDERED** to provide this Court with contact information for Plaintiff or his newly retained counsel. Beyond that, Davenport shall cease any further actions in this matter. FAILURE TO COMPLY WITH THIS ORDER IN <u>ALL</u> RESPECTS <u>WILL</u> RESULT IN APPROPRIATE SANCTIONS, UP TO AND INCLUDING A CITATION FOR CONTEMPT AND REFERRAL TO THE STATE BAR ASSOCIATION. Concurrently, the Court respectfully implores Ms. Davenport to seek professional help, for her own well being.

**IT IS SO ORDERED.**

**DONE** this 8th day of September, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge