IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARNULFO ANDRES LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNKNOWN GALVESTON POLICE | § | |
| OFFICER #1 a/k/a "OFFICER | § | |
| POPE," Individually and as a | § | |
| Police Officer with the | § | |
| Galveston Police Department, | § | |
| UNKNOWN GALVESTON POLICE | § | |
| OFFICER #2 a/k/a "WHITNEY," | § | |
| Individually and as a Police | § | |
| Officer with the Galveston | § | CIVIL ACTION NO. G-06-0371 |
| Police Department, UNKNOWN | § | |
| GALVESTON POLICE OFFICER #3 | § | |
| a/k/a "OFFICER CALDWELL," | § | |
| Individually and as a Police | § | |
| Officer with the Galveston | § | |
| Police Department, UNKNOWN | § | |
| GALVESTON POLICE OFFICER #4 | § | |
| a/k/a "OFFICER CHAPMAN," | § | |
| Individually and as a Police | § | |
| Officer with the Galveston | § | |
| Police Department, KENNETH | § | |
| MACK, Individually and in His | § | |
| Capacity as Chief of Police | § | |
| of the Galveston Police | § | |
| Department, THE GALVESTON | § | |
| POLICE DEPARTMENT, and THE | § | |
| CITY OF GALVESTON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Arnulfo Andres Lopez, brings this action against

defendants, Unknown Galveston Police Officer #1 a/k/a "Officer

Pope," individually and as a police officer with the Galveston

Police Department, Unknown Galveston Police Officer #2 a/k/a

"Whitney," individually and as a police officer with the Galveston Police Department, Unknown Galveston Police Officer #3 a/k/a "Officer Caldwell," individually and as a police officer with the Galveston Police Department, Unknown Galveston Police Officer #4 a/k/a "Officer Chapman," individually and as a police officer with the Galveston Police Department, Kenneth Mack, individually and in his capacity as Chief of Police of the Galveston Police Department, the Galveston Police Department, and the City of Galveston, for violation of "Plaintiff's clearly defined constitutional rights," including wrongful arrest, wrongful detention, wrongful prosecution, and excessive use of force, as well as state common law claims for assault and battery, false imprisonment, conspiracy, negligence, gross negligence, and negligence <u>per se</u>.[1]   Pending before the court is Galveston's Motion to Dismiss (Docket Entry No. 7).   For the reasons explained below, Galveston's motion to dismiss will be converted to a motion for summary judgment and granted in part and denied in part.

## I.  <u>Factual and Procedural Background</u>

Plaintiff alleges that officers of the Galveston Police Department arrested him on November 23, 2003, and again on November 30, 2003, without a warrant and without probable cause.[2] Plaintiff alleges that while in custody of the Galveston Police

---

[1]Plaintiff's Original Petition, Exhibit A attached to Docket Entry No. 1, p. 10.

[2]<u>Id.</u> at pp. 4-9.

Department on November 23, 2003, he was subjected to excessive use of force.[3]  Plaintiff also alleges that

> supervisory [o]fficers, including but not limited to the Chief of Police, observed [p]laintiff's condition and became aware of the true facts.  Once aware, then acting Chief Kenneth Mack, together with the other [d]efendants, participated in a conspiracy to conceal the illegal conduct and further violated [p]laintiff's rights by falsely charging, and further wrongful prosecution, of [p]laintiff with criminal activity for which they knew the [p]laintiff was innocent.[4]

On November 30, 2005, plaintiff filed suit in Texas state court alleging federal civil rights claims for wrongful arrest, wrongful detention, wrongful prosecution, and the excessive use of force, as well as state common law claims for assault and battery, false imprisonment, conspiracy, negligence, gross negligence, and negligence per se (Cause No. 05-CV-1522 in the 405th Judicial District Court of Galveston County, Texas).[5]  On June 7, 2006, the City of Galveston, the Galveston Police Department, and Police Chief Mack filed an answer in the state court action that included the assertion of affirmative defenses, including limitations,[6] and filed Defendants' Notice of Removal (Docket Entry No. 1), pursuant to which this action was transferred from state to federal court.

---

[3]Id. at pp. 6-8.

[4]Id. at p. 11.

[5]Id. at p. 10.

[6]See Defendants' Mack, Galveston Police Department and City of Galveston, Answer and Defenses, Exhibit B attached to Defendants' Notice of Removal, Docket Entry No. 1.

On June 20, 2006, the City of Galveston filed the pending motion to dismiss (Docket Entry No. 7).  On September 27, 2006, the judge to whom this action was initially assigned issued an order of recusal (Docket Entry No. 15), and this action was subsequently assigned to the undersigned judge.  On November 13, 2006, plaintiff filed his response to the motion to dismiss to which he attached three exhibits not referenced in his original petition (Docket Entry No. 19).  On November 21, 2006, defendants filed a reply to plaintiff's response to which they attached ten exhibits not referenced in plaintiff's original petition (Docket Entry No. 20).

## II.  **Galveston's Motion to Dismiss**

Galveston moves "to dismiss this lawsuit for want of timely filing and want of timely service of process."[7]  Galveston argues that any claims that plaintiff is attempting to assert based on the events of November 23, 2003, should be dismissed as barred by limitations because plaintiff's original petition was not filed until November 30, 2005, more than two years after the events of November 23, 2003, occurred.  Galveston argues that any claims that plaintiff is attempting to assert based on the events of either November 23, 2003, or November 30, 2003, should be dismissed because plaintiff failed to exercise reasonable diligence to have the defendants served within the applicable limitations period, and

---

[7]Galveston's Motion to Dismiss, Docket Entry No. 7, p. 1.

-4-

they were not served within that period.  Finally, Galveston argues that

> [p]laintiff brought suit against the [d]efendant on November 30, 2005, but failed to exercise due diligence in serving the [d]efendants with process, not only within the applicable limitations period, but also within the service period required by Fed. R. Civ. P. 4(m) which required the [p]laintiff to serve the [d]efendants with process no later than March 29, 2006.  The record reveals the City and the Chief of Police were not served until May 31, 2006 and the accused officers have still not been served.[8]

Plaintiff argues in response that this action is not barred by limitations because it was timely filed pursuant to Texas Rule of Civil Procedure 5,[9] and because the plaintiff "used the required 'due diligence' in serving the Original Petition or, in the alternative, good cause exist[s] for any otherwise undue delay."[10] In support of this argument, plaintiff has attached three exhibits to her response:  (1) a certificate of mailing, (2) a receipt from the Galveston County District Clerk, and (3) a copy of a request directed to the Galveston County District Clerk to issue citations and forward them for service of process.[11]  Galveston has replied with evidence that it argues "plainly establishes that the

---

[8]Id. at p. 5.

[9]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, pp. 1-3.

[10]Id. at p. 3.

[11]Exhibits 1-3 attached to Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19.

[p]laintiff has wholly failed to exercise diligence—in any sense of the word—in procuring service of citation or in prosecuting her claims in any fashion."[12]

## A.    Standard of Review

Galveston asserts that "[t]his lawsuit should be summarily dismissed because [p]laintiff's allegations, on their face, show the claims are barred by limitations."[13]  Although Galveston has not identified the procedural basis on which it seeks dismissal, its assertion that plaintiff's allegations are insufficient on their face indicates that Galveston seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003), cert. denied, 124 S.Ct. 1173 (2004) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." See also Kansa Reinsurance Co. Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366-1370 (5th Cir. 1994) (dismissing time-barred cross-claims under Rule 12(b)(6) where the claims were clearly filed after the statute of limitations had run, and it was evident from the pleadings that the period for filing suit was not tolled).

---

[12]City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20, p. 2.

[13]Galveston's Motion to Dismiss, Docket Entry No. 7, p. 2.

-6-

Motions to dismiss for failure to state a claim urged pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted unless, based solely on the pleadings, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S. Ct. 99, 102 (1957). In reviewing a Rule 12(b)(6) motion the "court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). "Also, the court may not look beyond the pleadings in ruling on the motion." Id. See also Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 120 S.Ct. 2659 (2000). If, however, on a motion to dismiss for failure

> to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12. See Morin v. Caire, 77 F.3d 116, 118 (5th Cir. 1996). Ten days after a party submits evidence outside of the pleadings a party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment if the evidence is not excluded by the court. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990). In Washington the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a

-7-

> Rule 12(b)(6) motion as one for summary judgment, but
> after the parties receive notice that the court
> could properly treat such a motion as one for summary
> judgment because it has accepted for consideration on the
> motion matters outside the pleadings, the parties must
> have at least ten days before judgment is rendered in
> which to submit additional evidence.

901 F.2d at 1284 (quoting Clark v. Tarrant County, Texas, 798 F.2d
736, 746 (5th Cir. 1986)).  See also Celotex Corp. v. Catrett, 106
S.Ct. 2548, 2554 (1986) (recognizing that district courts possess
the power to enter summary judgment sua sponte as long as the
losing party was on notice that he had to come forward with all of
his evidence).

On November 13, 2003, plaintiff filed his Response to Motion
to Dismiss (Docket Entry No. 19) to which he attached three
exhibits that evidence matters outside of the pleadings
(Exhibits 1-3).  On November 21, 2006, Galveston filed its Reply to
Plaintiff's Response to the City's Motion to Dismiss (Docket Entry
No. 20) to which it attached ten exhibits that evidence matters
outside of the pleadings.  Because more than ten days have passed
since Galveston filed its reply to plaintiff's response with
attached exhibits, because plaintiff has not objected to the
court's consideration of Galveston's exhibits, and because
plaintiff has, himself, submitted exhibits that evidence matters
outside of the pleadings, plaintiff is on notice that the court
could convert Galveston's motion to dismiss to a motion for summary
judgment.  Because both parties have submitted -- and the court has

-8-

not excluded -- materials outside of the pleadings, Rule 12(b) directs the court to treat the motion as one for summary judgment and to dispose of it under Rule 56.  <u>See</u> Fed. R. Civ. P. 12(b). <u>See also</u> <u>Washington</u>, 901 F.2d at 1283-1284.

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). <u>See also</u> <u>Celotex</u>, 106 S.Ct. at 2552.  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. <u>Anderson</u> <u>v. Liberty Lobby</u>, 106 S.Ct. 2505, 2510 (1986).  In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence.  <u>Reeves v. Sanderson Plumbing Products,</u> <u>Inc.</u>, 120 S.Ct. 2097, 2110 (2000).  The court must also disregard all evidence favorable to the moving party that the jury is not required to believe.  <u>Id.</u>  <u>See also</u> <u>Sandstad v. CB Richard Ellis,</u> <u>Inc.</u>, 309 F.3d 893, 896 (5th Cir. 2002), <u>cert. denied</u>, 123 S.Ct. 2572 (2003).

**B.  Analysis**

    1.  <u>Timeliness of State Court Petition</u>

        (a)  Statutes of Limitations

Plaintiff has alleged federal civil rights claims for wrongful arrest, wrongful detention, wrongful prosecution, and excessive use of force, as well as state common law claims for assault and

battery, false imprisonment, conspiracy, negligence, gross negligence, and negligence per se.  The claims that plaintiff has alleged for the violation of rights guaranteed by the United States Constitution must be brought under 42 U.S.C. § 1983.  Because no specified federal statute of limitations exists for § 1983 suits, federal courts rely on the general statute of limitations governing personal injuries in the forum state.  See Price v. City of San Antonio, Texas, 431 F.3d 890, 892 (5th Cir. 2006) (citing Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001), cert. denied, 122 S.Ct. 53 (2001)).  See also Owens v. Okure, 109 S.Ct. 573, 582 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions").  In Texas "the applicable statute provides that claims must be brought 'no later than two years after the day the cause of action accrues.'"  Id. (quoting Tex. Civ. Prac. & Rem. Code § 16.003(a)).  Federal courts considering the timeliness of § 1983 actions apply state tolling provisions to limitations periods.  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).

The timeliness of plaintiff's pendent state law claims are also governed by state law.  See Fluor Engineers and Constructors, Inc. v. Southern Pacific Transportation Co., 753 F.2d 444, 448 (5th Cir. 1985) (citing Walker v. Armco Steel Corp., 100 S.Ct. 1978,

-10-

1985-1986 (1980)).   Any claim that plaintiff is attempting to
assert for malicious prosecution under state law is controlled by
a one-year statute of limitations.   Patrick v. Howard, 904 S.W.2d
941, 943 (Tex. App. -- Austin 1995, no writ) (citing Tex. Civ.
Prac. & Rem. Code § 16.002)).   Plaintiff's other state law personal
injury claims for assault and battery, false imprisonment,
conspiracy, negligence, gross negligence, and negligence per se are
controlled by the two-year statute of limitations.   Id. (citing
Tex. Civ. Prac. & Rem. Code § 16.003)).

          (b)   Application of Law to the Facts
          Galveston argues that pursuant to Texas's two-year limitations
period, November 23, 2005, was the last day for plaintiff to file
suit for claims arising from events that occurred on November 23,
2003.   See Price, 431 F.3d at 893 (recognizing that § 16.003
requires a claim to be brought no later than the same calendar day
two years following the accrual of the cause of action).   Plaintiff
argues that his petition was timely filed pursuant to Texas Rule of
Civil Procedure 5, the "mailbox rule."   Tex. R. Civ. P. 5 provides
that

          [i]f any document is sent to the proper clerk by first-
          class United States mail in an envelope or wrapper
          properly addressed and stamped and is deposited in the
          mail on or before the last day for filing same, the same,
          if received by the clerk not more than ten days tardily,
          shall be filed by the clerk and be deemed filed in time.
          A legible postmark affixed by the United States Postal
          Service shall be prima facie evidence of the date of
          mailing.

                              -11-

As evidence that his petition was filed in satisfaction of the requirements of Tex. R. Civ. P. 5, plaintiff has submitted a date stamped "certificate of mailing" that bears a postmark of November 23, 2005.[14]   Plaintiff argues that the "certificate of mailing" shows that "the Original Petition in Arnulfo Lopez's case was deposited in the United States mail, properly addressed to the Galveston County District Clerk, with sufficient postage for first class mail on Wednesday, November 23, 2005."[15]   Plaintiff also argues that

> [t]he [p]etition was physically received and filed by the clerk on November 30, 2005, a date which is within the ten day window proscribed by Rule 5.   Therefore, Mr. Lopez's [p]etition is deemed to be filed on time (e.g. by November 23, 2005), a date within the applicable statute of limitations period.[16]

Plaintiff also asserts that

> [t]he [c]ourt should note that, up until mid 2005, the complained of malicious prosecution of Plaintiff Lopez continued.   In fact, unless and until Mr. Lopez successfully prevailed as to the wrongful charges against him, he would have had no cause of action for malicious prosecution.   A short history of the facts supporting that claim may be helpful/necessary.   Shortly after Mr. Lopez's arrest in November 2003, his case went before the Grand Jury and Mr. Lopez was "no billed" on the original felony charge of "Assault on a Public Servant." However, on or about July 2004, charges were again filed, this time in Justice Court Precinct #1, for the

---

[14]See Exhibit 1 attached to Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19.

[15]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 2.

[16]Id.

misdemeanor charge of "Assault by contact."   Cause
# M0041698.   That case was tried to the Court and, based
upon evidence which Mr. Lopez contends was perjury, he
was found "guilty."   Mr. Lopez soon filed a notice of
appeal, and the case (and conviction) moved to the
Galveston District Court for a trial de novo.   After
repeated discussions between the [p]rosecution and
[d]efense (and further investigation), the State
dismissed the charge of "assault by contact" before any
retrial in the District Court proceeded forward.   This
dismissal occurred on or about April, 2005.   Suit was
then filed approximately seven months later.[17]

Defendants do not dispute any of these facts asserted in
response to their motion to dismiss.[18]   Since, however, statutes of
limitation do not begin to run until a claim accrues, before
determining whether plaintiff's original petition was timely filed
in state court or whether the defendants were timely served, the
court must first determine when the plaintiff's claims accrued.

### (1)   Accrual of Plaintiff's Claims

Plaintiff has asserted federal law claims based on the
violation of rights guaranteed by the United States Constitution
for wrongful (i.e., false) arrest, wrongful detention (i.e., false
imprisonment), wrongful prosecution, and excessive use of force,
and has asserted state common law claims for assault and battery,
false imprisonment, conspiracy, negligence, gross negligence, and
negligence per se.

---

[17]Id. at p. 2 n.2.

[18]See City's Reply to Plaintiff's Response to the City's Motion
to Dismiss, Docket Entry No. 20.

(i)    Federal Law Claims

Although state law controls the limitations period and the tolling exceptions for § 1983 claims, federal law determines when a federal cause of action accrues. <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992) (citing <u>Burrell v. Newsome</u>, 883 F.2d 416, 418 (5th Cir. 1989)).  Ordinarily, a cause of action for claims asserted under § 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> (quoting <u>Lavelle v. Listi</u>, 611 F.2d 1129, 1131 (5th Cir. 1980)).  However, the Fifth Circuit has held that the statute of limitations does not begin running on § 1983 claims arising from state court prosecutions until the state court proceedings have terminated in the plaintiff's favor.  <u>See</u> <u>Castellano v. Fragozo</u>, 352 F.3d 939, 959 (5th Cir. 2003) (<u>en banc</u>), <u>cert. denied</u>, 125 S.Ct. 31 and 33 (2004).  In <u>Castellano</u> the Fifth Circuit held that "'malicious prosecution' standing alone is no violation of the United States Constitution." <u>Id.</u> at 942.  Nevertheless, the Fifth Circuit recognized that the "initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection . . ." <u>Id.</u> at 952-953.  In <u>Price</u>, 431 F.3d at 894, the Fifth Circuit held that the district court committed plain error when it used the date of plaintiff's arrest instead of the date that criminal proceedings terminated in the plaintiff's favor to determine when the statute of limitations

-14-

expired on claims that he had alleged for false arrest and other claims arising from the initiation of criminal charges allegedly without probable cause.  The Fifth Circuit explained that when false arrest claims are brought in conjunction with claims that the plaintiff was subjected to criminal prosecution without probable cause "the false arrest claims are 'essentially part' of the prosecution claims and therefore accrue at the same time."  <u>Id.</u> However, citing <u>Brandley v. Keeshan</u>, 64 F.3d 196 (5th Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 947 (1996), the Fifth Circuit explained that the plaintiff's excessive use of force claim that arose out of the same course of events was not "essentially part" of the claim arising out of his prosecution but, instead, a claim subject to the ordinary rule of accrual.  In <u>Brandley</u> the plaintiff had brought assault, battery, defamation, and invasion of privacy claims in addition to false arrest/false imprisonment claims, yet the court reversed only the district court's dismissal of the false arrest/false imprisonment claims as time barred.  64 F.3d at 198-199.

In this case plaintiff alleges that

[t]he acts of the [d]efendant [o]fficers on November 23, 2003, constituted an unlawful detention and arrest of Plaintiff Arnulfo Lopez and used excessive force on Plaintiff.  The detention and arrest was without warrant, was not reasonable and without probable cause and violated Plaintiff's clearly defined constitutional rights.[19]

---

[19]Plaintiff's Original Petition, Exhibit A attached to Docket Entry No. 1, p. 10.

Plaintiff alleges that the supervisory officials violated their duty to intervene and to prevent the illegal acts of the defendant police officers, and participated in a conspiracy to violate his rights by falsely charging and wrongfully prosecuting him.[20] Plaintiff also alleges that defendants used "excessive force in the making of the arrest at issue and later, again falsely arresting and charging [him] a second time."[21]  Since plaintiff asserts in response to Galveston's motion to dismiss that his prosecution arising from the events of November 23, 2003, did not terminate in his favor until April of 2005,[22] plaintiff's claims for false arrest, false imprisonment, and wrongful prosecution arising from the initiation of that prosecution, allegedly without probable cause, could not have accrued until April of 2005.  However, plaintiff's claims for excessive use of force accrued on the dates the force was allegedly used against him, i.e., November 23 and November 30, 2003.  <u>See</u> <u>Castellano</u>, 352 F.3d at 959, 952-953; <u>Price</u>, 431 F.3d at 894; <u>Brandley</u>, 64 F.3d at 198-199.

---

[20]<u>Id.</u>

[21]<u>Id.</u> at p. 14.

[22]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 2 & n.2.  See also City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20, p. 5 (arguing that plaintiff has not alleged a malicious prosecution claim, but that if he has alleged such a claim, it would have accrued in May of 2005).

(ii)    State Law Claims

Any state law claim that plaintiff is attempting to assert for malicious prosecution accrued upon the termination of the criminal prosecutions, i.e., April of 2005.  Patrick v. Howard, 904 S.W.2d 941, 944 (Tex. App. -- Austin 1995, no writ).  Plaintiff's other state law personal injury claims for assault and battery, false imprisonment, conspiracy, negligence, gross negligence, and negligence per se "accrued when the wrongful acts caused an injury, regardless of when [plaintiff] learned of such injuries."  Id.

**(2)  Timeliness of Plaintiff's Original Petition**

Galveston's argument that November 23, 2005, was the last day for plaintiff to file suit for claims arising from events that occurred on November 23, 2003, does not take into account either the fact that plaintiff's claims did not all accrue on the same date, or that plaintiff's claims might be subject to the tolling provision of Texas's mailbox rule, Tex. R. Civ. P. 5.

(i)    Federal Claims Arising from Prosecu-
tion Allegedly Without Probable Cause

Since plaintiff asserts in response to Galveston's motion to dismiss that his prosecution arising from the events of November 23, 2003, did not terminate in his favor until April of 2005,[23] and Galveston does not dispute this assertion,[24] plaintiff's

---

[23]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 2 & n.2.  See also City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20, p. 5 (arguing
(continued...)

claims for false arrest, false imprisonment, and wrongful prosecution arising from the initiation of prosecution allegedly without probable cause for events that occurred on November 23, 2003, could not have accrued until April of 2005, when that prosecution terminated in plaintiff's favor.   Since it is undisputed that plaintiff's original petition was filed on November 30, 2005, and that the governmental defendants were served with process in May of 2006, and that both of these dates are less than two years after the prosecution arising from the occurrences of November 23, 2003, terminated in plaintiff's favor, the court concludes that plaintiff's federal law claims for false arrest, false imprisonment, and wrongful prosecution arising from the initiation of prosecution allegedly without probable cause for events that occurred on November 23, 2003, are not barred by limitations and that Galveston is not entitled to summary judgment on these claims.

(ii)   Remaining Claims

The Texas mailbox rule provides that a document is deemed timely filed if (1) it is sent to the proper clerk (2) by

_____

[23](...continued)
that plaintiff has not alleged a malicious prosecution claim, but that if he has alleged such a claim, it would have accrued in May of 2005).

[24]See City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20, p. 5 (recognizing May of 2005 as the date the underlying prosecution terminated in plaintiff's favor).

first-class United States mail (3) in a properly addressed and stamped envelope (4) on or before the last day for filing, and (5) it is received not more than ten days tardily.  Tex. R. Civ. P. 5.  See also Flores v. Texas Property and Casualty Insurance Guaranty Association for Paula Insurance Co., 167 S.W.3d 397 (Tex. App. -- San Antonio 2005, pet. denied).  In response to Galveston's motion to dismiss, plaintiff asserts, and defendants do not dispute, that (1) his original petition was mailed to the Galveston County Clerk (2) in a properly addressed envelope (3) by United States mail, postage prepaid, (4) on November 23, 2005.  The petition bears a file-stamped date of November 30, 2005, indicating it was received and filed not more than ten days late.  Because these uncontroverted factual allegations satisfy each of the requirements of Tex. R. Civ. P. 5, the court concludes that plaintiff's petition is deemed to have been timely filed because it is deemed to have been filed on November 23, 2005.

2.   Diligence Effecting Service of Process

Galveston argues that "[e]ven if the [p]laintiff's [p]etition had been timely filed, limitations could only have been preserved if the [p]laintiff had exercised diligence in serving the [d]efendants—which the [p]laintiff plainly did not do."[25]  Citing Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990), Galveston argues that "[i]f the plaintiff files the petition within the limitations

_____

[25]City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20, p. 6.

period, but does not exercise diligence in effecting service within the limitations period, the suit can be dismissed as a matter of law."[26]  See also Burrell, 883 F.2d at 419 ("[u]nder Texas law, filing of suit does not interrupt limitations unless diligence is exercised in procuring issuance and service of citation."); Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990) (same).  Citing Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App. -- Houston [14th Dist.] 2002, pet. denied), Galveston argues that

> as the record reveals in this case, when a defendant
> shows that service occurred after the limitations
> deadline, the burden shifts to the plaintiff to explain
> the delay. . . The [p]laintiff, however, has wholly
> failed to show he exercised diligence to have the
> [d]efendants served with process within the applicable
> limitations period; therefore, his claims should be
> dismissed.[27]

Citing Burrell, 883 F.2d at 418, defendants assert that

> 7.    . . . [p]laintiff's counsel did not properly
> request service of citation on any [d]efendant
> until May 22, 2006. Furthermore, the [p]laintiff's
> counsel only requested service on the governmental
> [d]efendants; the City of Galveston, the City's
> Chief of Police and the Galveston Police
> Department. The Clerk's office sent these requests
> to the Galveston County Sheriff's Office on May 25,
> 2006, and the City and its police chief were served
> with citation in late May 2006.
>
>       . . .
>
> 11.   Importantly, contrary to the assertions within the
> [p]laintiff's briefing, the individual
> [d]efendants, Officer Clayton Pope, Officer Matthew
> Whiting and Officer Joel Caldwell, have never been
> served with process and have not made any

---

[26]Galveston's Motion to Dismiss, Docket Entry No. 7, p. 3.

[27]Id. at p. 5.

appearance in this litigation. In fact, the
[p]laintiff's counsel has yet to even request that
the officers be served with citation.[28]

(a)  Applicable Law

In order to bring suit within the applicable limitations
period, a Texas plaintiff must file suit within the limitations
period and use due diligence to serve the defendant with process.
Gant, 786 S.W.2d at 260; Carter, 93 S.W.3d at 313.  See also Rigo
Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970); City of
Gainesville v. Harder, 162 S.W.2d 93, 95 (Tex. 1942); Ricker v.
Shoemaker, 16 S.W. 645, 646-647 (Tex. 1891).  If a plaintiff files
suit within the limitations period, but serves the defendant after
the limitations period has expired, the date of service relates
back to the date of filing only if the plaintiff exercises due
diligence in obtaining service.  Gant, 786 S.W.2d at 259-260.  See
also Belleza-Gonzalez v. Villa, 57 S.W.3d 8, 11 (Tex. App. --
Houston [14th Dist.] 2001, no pet.).

When a defendant has affirmatively pleaded the defense of
limitations and has shown that the plaintiff failed to timely serve
the defendant, the burden shifts to the plaintiff to explain the
delay.  Murray, 800 S.W.2d at 830.  Once the plaintiff presents an
explanation, the burden shifts back to the defendant to show why
that explanation is insufficient as a matter of law.  Id.  If the
plaintiff shows diligence, then the defendant must show why that

---

[28]City's Reply to Plaintiff's Response to the City's Motion to
Dismiss, Docket Entry No. 20, pp. 4-5, ¶¶ 7 and 11.

exercise was insufficient to relate the date of service back to the
date of filing. <u>Belleza-Gonzalez</u>, 57 S.W.3d at 11. <u>See also</u>
<u>Carter</u>, 93 S.W.3d at 313. A plaintiff is not required to use the
highest degree of diligence to procure service, but is required to
use the degree of diligence that "an ordinarily prudent person
would have used under the same or similar circumstances."
<u>Belleza-Gonzalez</u>, 57 S.W.3d at 12 (quoting <u>Reynolds v. Alcorn</u>, 601
S.W.2d 785, 788 (Tex. Civ. App. -- Amarillo 1980, no writ)).

"Generally, the question of diligence is a question of fact,
'but if no excuse is offered for a delay in the service of
citation, or if the lapse of time and the plaintiff's acts are such
as conclusively negate diligence, a lack of diligence will be found
as a matter of law.'" <u>Id.</u> at p. 12 (quoting <u>Webster v. Thomas</u>, 5
S.W.3d 287, 289 (Tex. App. -- Houston [14th Dist.] 1999, no
petition)). "Lack of due diligence in serving process on a
defendant has been found as a matter of law after a five-and-four-
fifths-month delay . . . In fact, several Texas courts have held
that delays of more than a few months negate due diligence as a
matter of law." <u>Id.</u> at 11 (citing <u>Weaver v. E-Z Mart Stores, Inc.</u>,
942 S.W.2d 167, 168 (Tex. App. -- Texarkana 1997, no writ) (nine
months); <u>Gonzalez v. Phoenix Frozen Foods, Inc.</u>, 884 S.W.2d 587,
590 (Tex. App. -- Corpus Christi 1994, no writ) (five months);
<u>Butler v. Ross</u>, 836 S.W.2d 833, 836 (Tex. App. -- Houston [1st
Dist.] 1992, no writ) (no activity or effort at service for five-

and-a-half months); and <u>Allen v. Bentley Labs., Inc.</u>, 538 S.W.2d 857, 860 (Tex. Civ. App. -- San Antonio 1976, writ ref'd n.r.e.) (six-month delay)). "An excuse of diligence must involve diligence to seek service of process." <u>Weaver</u>, 942 S.W.2d at 169.

    (b)  Application of the Law to the Facts

Galveston argues that even if plaintiff filed suit within the limitations period, plaintiff's claims are still subject to dismissal because plaintiff did not exercise due diligence in effecting service of process on any of the named defendants. Galveston argues that plaintiff failed to exercise due diligence in serving the governmental defendants because they were not served until late May of 2005, over six months after the limitations period expired, and that plaintiff failed to exercise due diligence in serving the individual defendants because they have still not been served.

Plaintiff responds that he used the required diligence in serving his original petition or, in the alternative, that good cause exists for any delay.  Plaintiff asserts that "[w]ithin seven days after the date suit was filed, [his attorney] requested and paid $666.00 for seven citations to be issued and for service of process to be made through the Galveston County Sheriff's Office."[29]

---

[29]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 3 (citing receipt for $666.00 paid the to District Clerk of Galveston County, Exhibit 2 attached thereto).

Plaintiff asserts that "[t]he fact that a check for the requested service of process was hand-delivered on that 'Thursday,' is also reflected in counsel's follow-up letter, a copy of which is attached as Exhibit 3."[30]  Plaintiff then argues that

> After service was timely requested, citations were issued and all fees were promptly paid, counsel was in and out of her office, due to the health issues reflected herein.  Some follow-up calls were made to check on the status of service; however, since the suit was filed in a venue which was not counsel or her limited staff's "hometown", there was less certainty as to the procedures used or the normal timetable to be expected.  In any event, all her staff could determine was that the returns had not yet been filed by the Sheriff's office. Additional time passed.  When counsel was in the office, her schedule was generally swamped with court appearances and deadlines, and it was not until the dust cleared in late April or early May 2005 that she realized that a "glitch" had occurred between the issuance of citations and the transmittal of those citations to the Sheriff's Office for service.

> Eventually, the assistant clerk required additional copies of Plaintiff's Petition, reissued citations and again sent the citations out to be served.

> Counsel's office personnel periodically called to check on the status of service; however, when counsel finally returned full time and she realized that service had been derailed between the clerk's office and the Constable's office, such that the prior copies and citations had either not been forwarded as expected or somehow otherwise lost, additional copies were provided and service was then (finally) effectively made. Plaintiff asserts that the timely request and issuance of citation and payment of service through the Galveston Sheriff's Office, plus the follow up calls in her absence, meets the requisite showing of "due diligence." If not, then counsel suggest[s] that the additional showing of her illness during this critical time offers

---

[30]_Id._ (citing follow-up letter to Galveston County Clerk dated December 5, 2005, Exhibit 3 attached thereto).

the necessary showing of "good cause" so as to allow the late service and not dismiss Plaintiff's case and deny him a full trial on the merits.  This is especially critical in this case because any dismissal, even one without prejudice, would operate as a death penalty sanction inasmuch as the statute of limitation would have run as to many of Plaintiff's claims, thus making any refiling and prompt service of Plaintiff's claims impossible.[31]

Plaintiff's counsel also asserts that

[i]t is important to note that in 2003, counsel was suddenly (and inexplicably) st[r]uck by a deadly airborne virus, resulting in complete body sepsis and placing her in a two week coma and on life support.  Once she awoke, she was hit with sudden onset diabetes which she continues to battle.  Because of that sever[e] illness, counsel's immune system remains fragile and her diabetes is not yet under control.  Additionally, it has [been] proven that in times of extreme high stress and/or a heavy work schedule, counsel will suffer persistent infections and her diabetes will be caused to race completely out of control.  She has been hospitalized three times since her initial critical comatose state and has been ordered to bed rest on many other occasions. Unfortunately, at the time of filing the petition in this case, the stress and work load of counsel's practice (plus the demands of cases still suffering from counsel's prolonged illness), had left counsel in a depleted state of health.  She had to have two root canal procedures in December, 2005, one on an abscessed tooth, which remained infected for several months while rejecting multiple rounds of antibiotics.  The infection caused counsel tremendous pain and overall fatigue.  She still continues to struggle with frequent gum infections, still to this date.[32]

The undisputed facts in this case are comparable to those in

Boyattia v. Hinojosa, 18 S.W.3d 729, 732-734 (Tex. App. -- Dallas

2000, pet. denied), where the plaintiff similarly filed a lawsuit

---

[31]Id. at pp. 3-5.

[32]Id. at p. 4 n.4.

-25-

the day before the statute of limitations expired, the clerk's office similarly failed to forward the citation for service, and the plaintiff similarly allowed a period of time to lapse before taking any action to insure that the defendants were properly served.   In <u>Boyattia</u> the court held that the clerk's failure to issue citation within three months was unreasonable and that the plaintiff's failure to take any actions to effect service during the clerk's three-month delay constituted a lack of diligence as a matter of law.   <u>Id.</u> at 734 (unexplained three-month delay is lack of diligence as a matter of law).

Although plaintiff's attorney argues that members of her staff called the clerk's office several times to inquire if service had been effected, the court is not persuaded that this argument creates a fact issue regarding due diligence.   In <u>Webster</u>, 5 S.W.3d at 291, a Texas appellate court rejected the same argument based on an attorney's affidavit because the affidavit did not reflect what the attorney had said to that clerk, and because the attorney's calls to the clerk's office were "careless and not persistent" and were "not designed to procure issuance of citation and service." <u>Id.</u>   Like the affidavit offered in <u>Webster</u>, the argument advanced by plaintiff's counsel in this case does not reflect what members of her staff said to the clerk's office when they called to inquire about service, and does not show that the inquiries were persistent or systematic, or designed to procure service.

Instead, the undisputed facts in this case show that although plaintiff's counsel timely requested that citations be issued and that the citations together with the original petition be served by the Galveston County Sheriff's Office, that from the date of her follow-up letter, December 5, 2005, to the date on which she requested service again, May 22, 2006, plaintiff's counsel took no action to insure that the defendants were served.[33]  See Gonzalez, 884 S.W.2d at 590 ("mere reliance" and "misplaced reliance" on a process server do not constitute due diligence).  Moreover, apart from being "generally swamped with court appearances and deadlines,"[34] plaintiff offers no reason for the five-and-a-half-month delay between December 5, 2005, and May 22, 2006, during which she took no action to insure that service was properly effected on the defendants.  Although plaintiff's counsel also asserts that she has struggled with poor health since 2003, she has failed to present any evidence or argument that her poor health prevented her from taking action to insure that defendants were served between December 5, 2005, and May 22, 2006.

The court recognizes that parties have limited control over the actions of a county clerk or sheriff.  Indeed, a party may be

_____

[33]See Request for Issuance of Service, dated May 22, 2006, and signed by plaintiff's counsel, Exhibit G attached to City's Reply to Plaintiff's Response to the City's Motion to Dismiss, Docket Entry No. 20.

[34]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 4.

-27-

vigilant and vigorous in urging the clerk to issue and deliver a citation and the sheriff to serve it to no avail.  Thus, when the clerk delays in issuing or delivering a citation the passage of time alone is not itself controlling on the issue of a party's diligence.  <u>Boyattia</u>, 18 S.W.3d at 734.  Instead, in determining the issue of diligence courts look to whether a party's actions manifest a "bona fide intention" to have process served.  <u>Id.</u>  A party who wholly ignores his duty to have the defendant served during a lengthy period of time when the citation remains with the clerk or with the sheriff does not manifest a bona fide intention to have process served.  <u>Id.</u>  Therefore, the court concludes that the unexplained failure of plaintiff's counsel to take any action from December 5, 2005, to May 22, 2006, to effect service on the defendants constitutes a lack of diligence as a matter of law.  <u>Id.</u> (concluding that unexplained three-month period of delay constituted lack of diligence as a matter of law).  Accordingly, the court concludes that the federal law claims that plaintiff has asserted for excessive use of force, and the state common law claims that plaintiff has asserted for assault and battery, false imprisonment, conspiracy, negligence, gross negligence, and negli-gence <u>per se</u> are barred by limitations because the date that service was effected on the governmental defendants does not relate back to the date that plaintiff's original petition is deemed to have been filed, i.e., November 23, 2005.

3.   <u>Application of Rule 4(m)</u>

The court's file reflects no proof of service of summons and complaint on the individually named defendants.  Accordingly, the claims asserted against the following defendants in their individual capacities will be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 4(m):  Unknown Galveston Police Officer #1, a/k/a "Officer  Pope," Unknown Galveston Police Officer #2, a/k/a "Whitney," Unknown Galveston Police Officer #3, a/k/a "Officer Caldwell," and Unknown Galveston Police Officer #4, a/k/a "Officer Chapman."  Because the claims asserted against these defendants in their official capacities are actually claims against Galveston, and because Galveston has been served with process, the claims asserted against these police officer defendants in their official capacities are not subject to dismissal under Rule 4(m).

## III.  <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that Galveston's Motion to Dismiss (Docket Entry No. 7) should be converted to a motion for summary judgment and disposed of pursuant to Federal Rule of Civil Procedure 56.

For the reasons explained above, the court concludes that the federal law claims that plaintiff has alleged for excessive use of force, and the state common law claims that plaintiff has alleged for assault and battery, false arrest, conspiracy, negligence, gross negligence, and negligence <u>per se</u>, accrued on November 23 or

30, 2003, and that the federal law claims that plaintiff has alleged for wrongful (false) arrest, wrongful detention (false imprisonment), wrongful prosecution, and any state law claims that plaintiff has alleged or attempted to allege for malicious prosecution did not accrue until sometime in April of 2005, when plaintiff's prosecution for crimes arising from the events of November 23, 2003, ended in his favor.  The court concludes that although plaintiff's original petition filed in state court on November 30, 2005, was properly filed in accordance with Texas Rule of Civil Procedure 5, it's filing does not relate back to the day it was mailed, November 23, 2005, because plaintiff did not effect service of process upon the defendants within the applicable limitations period and did not exercise due diligence in seeking to effect service of process on them.  Accordingly, the court concludes that the federal claims that plaintiff has alleged for excessive use of force, and the state common law claims that plaintiff has alleged for assault and battery, false arrest, conspiracy, negligence, gross negligence, and negligence per se are barred by the statute of limitations, but that the federal law claims plaintiff has alleged for wrongful (false) arrest, wrongful detention (false imprisonment), wrongful prosecution, and any state law claim that plaintiff is attempting to allege for malicious prosecution are not barred by limitations.  Accordingly, Galveston's Motion to Dismiss (Docket Entry No. 7) that the court

has converted to a motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

The claims that plaintiff asserted against Unknown Galveston Police Officer #1, a/k/a "Officer Pope," Unknown Galveston Police Officer #2, a/k/a "Whitney," Unknown Galveston Police Officer #3, a/k/a "Officer Caldwell," and Unknown Galveston Police Officer #4, a/k/a "Officer Chapman" in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Fed. R. Civ. P. 4(m).

Counsel shall appear for a pretrial and scheduling conference on January 12, 2007, at 4:00 p.m. in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas. Counsel will confer and file a joint discovery/case management plan by January 5, 2007.

**SIGNED** at Houston, Texas, this 13th day of December, 2006.

_____
                SIM LAKE
        UNITED STATES DISTRICT JUDGE