IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| ARNULFO ANDRES LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNKNOWN GALVESTON POLICE | § | |
| OFFICER #1, a/k/a "OFFICER | § | |
| POPE," Individually and as a | § | |
| Police Officer with the | § | |
| Galveston Police Department, | § | |
| UNKNOWN GALVESTON POLICE | § | |
| OFFICER #2, a/k/a "WHITNEY" | § | |
| Individually and as a Police | § | CIVIL ACTION NO. G-06-0371 |
| Officer with the Galveston | § | |
| Police Department, UNKNOWN | § | |
| GALVESTON POLICE OFFICER #3, | § | |
| a/k/a "OFFICER CALDWELL," | § | |
| Individually and as a Police | § | |
| Officer with the Galveston | § | |
| Police Department, UNKNOWN | § | |
| GALVESTON POLICE OFFICER #4, | § | |
| a/k/a "OFFICER CHAPMAN," | § | |
| Individually and as a Police | § | |
| Officer with the Galveston | § | |
| Police Department, KENNETH | § | |
| MACK, Individually and in His | § | |
| Capacity as Chief of Police | § | |
| of the Galveston Police | § | |
| Department, THE GALVESTON | § | |
| POLICE DEPARTMENT, and THE | § | |
| CITY OF GALVESTON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**


Pending before the court is Plaintiff, Arnulfo Andres Lopez's,

Motion for Leave to Add Additional Parties (Docket Entry No. 29).

For the reasons explained below, plaintiff's motion will be denied,

the court will <u>sua</u> <u>sponte</u> dismiss the remaining federal claims in

this action, decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and remand the action to state court.

## I.  <u>Background</u>

On November 23, 2003, plaintiff was arrested by officers of the Galveston Police Department and charged with the felony offense of assaulting a public servant.  On November 30, 2005, plaintiff was again arrested by officers of the Galveston Police Department and charged with driving while intoxicated (DWI).

> Shortly after Mr. Lopez's arrest in November 2003, his [assault] case went before the Grand Jury and Mr. Lopez was no billed on the original felony charge of "Assault on a Public Servant."  However, on or about July 2004, charges were again filed, this time in Justice Court Precinct #1, for the misdemeanor charge of "Assault by contact."  Cause # M0041698.  That case was tried to the Court and, based upon evidence that Mr. Lopez contends was perjury, he was found "guilty."  Mr. Lopez soon filed a notice of appeal, and the case (and conviction) moved to the Galveston District Court for a trial de novo. After repeated discussions between the Prosecution and Defense (and further investigation), the State dismissed the charge of "assault by contact" before any retrial in the District Court proceeded forward.  This dismissal occurred on or about April, 2005.[1]

Defendants assert, and plaintiff has not disputed, that the assault charge was dismissed on April 19, 2005, after the prosecutor abandoned prosecution of the assault case following plaintiff's plea of guilty to the November 30, 2003, DWI offense.[2]

---

[1]Plaintiff's Response to Motion to Dismiss, Docket Entry No. 19, p. 2 & n.2.

[2]Defendant's Opposition to Plaintiff's Motion for Leave to Add Additional Parties, Docket Entry No. 31, p. 2.

On November 23, 2005, plaintiff's attorney mailed his Original Petition to the district clerk of Galveston County, who on November 30, 2005, received and filed it in the 405th Judicial District Court of Galveston County (Cause No. 05-CV-1522).  In his Original Petition plaintiff alleged that officers of the Galveston Police Department arrested him on November 23, 2003, and again on November 30, 2003, without a warrant and without probable cause.[3] Plaintiff also alleged that while in custody of the Galveston Police Department on November 23, 2003, he was subjected to excessive use of force,[4] and that the defendants falsely charged and wrongfully prosecuted him for assaulting a public servant on November 23, 2003.[5]  Plaintiff's Original Petition asserted federal law claims for wrongful (false) arrest, wrongful detention (false imprisonment), wrongful (malicious) prosecution, and excessive use of force, as well as state law claims for assault and battery, false imprisonment, conspiracy, negligence, gross negligence, and negligence per se.[6]  The only defendants served were the City of Galveston and its Chief of Police, and they were not served until May 31, 2006.

On June 7, 2006, the City of Galveston, the Galveston Police Department, and acting Galveston Police Chief Mack asserted

---

[3]Id. at pp. 4-9.

[4]Id. at pp. 6-8.

[5]Id. at p. 11.

[6]Id. at p. 10.

affirmative defenses to plaintiff's claims, including limitations,[7] and removed the action to this court.[8]  On June 20, 2006, the City of Galveston filed a motion to dismiss in which it argued that plaintiff's claims were barred by limitations (Docket Entry No. 7). Galveston argued that plaintiff's claims arising from his arrest on November 23, 2003, were barred by limitations because plaintiff's Original Petition was not filed until November 30, 2005, and that plaintiff's claims arising from his arrest on November 30, 2003, were barred by limitations because plaintiff failed to exercise due diligence in effecting service of process on any of the defendants. Since plaintiff was convicted of the DWI offense for which he was arrested on November 30, 2003, the city also argued that plaintiff's claim that he was arrested without probable cause on November 30, 2003, was barred by the Supreme Court's decision in Heck v. Humphrey, 114 S.Ct. 2364 (1994).[9]

In a Memorandum Opinion and Order entered on December 13, 2006, the court converted the city's motion to dismiss to a motion for summary judgment.[10]  Relying on Price v. City of San Antonio,

---

[7]See Defendants' Mack, Galveston Police Department and City of Galveston, Answer and Defenses, Exhibit B attached to Defendants' Notice of Removal, Docket Entry No. 1.

[8]See Defendants' Notice of Removal, Docket Entry No. 1.

[9]Galveston's Motion to Dismiss, Docket Entry No. 7, p. 4 & n.1.

[10]Memorandum Opinion and Order, Docket Entry No. 21, pp. 6-9.

<u>Texas</u>, 431 F.3d 890, 892 (5th Cir. 2006), and <u>Brandley v. Keeshan</u>, 64 F.3d 196 (5th Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 947 (1996), the court concluded that the federal law claims that plaintiff alleged for wrongful (false) arrest, wrongful detention (false imprisonment), and any federal or state claims for wrongful (malicious) prosecution that plaintiff had attempted to allege based on the events of November 23, 2003, accrued in April of 2005, when plaintiff's prosecution for those events ended in his favor, but that all the other claims that plaintiff had asserted or attempted to assert accrued on either November 23 or 30, 2003.  The court also concluded that plaintiff's Original Petition was properly filed in accordance with Texas Rule of Civil Procedure 5, but that it's filing did not relate back to the day it was mailed, November 23, 2005, because plaintiff did not effect service of process upon the defendants within the applicable limitations period and did not exercise due diligence in seeking to effect service of process on them.  Accordingly, the court concluded that the federal claims that plaintiff alleged for excessive use of force on November 23, 2003, and the state common law claims that plaintiff alleged for assault and battery, false arrest, conspiracy, negligence, gross negligence, and negligence <u>per se</u>, whether based on the events of November 23 or November 30, 2003, were barred by limitations, but that the federal law claims plaintiff alleged for wrongful (false) arrest, wrongful detention (false imprisonment), and wrongful (malicious) prosecution based on

-5-

the events of November 23, 2003, and any state law claim that
plaintiff might be attempting to allege for malicious prosecution
based on the events of November 23, 2003, were not barred by
limitations.  Accordingly, the court granted in part and denied in
part the city's motion for summary judgment (Docket Entry No. 7).
Because plaintiff had not served any of the individual police
officers named in his petition, the court also dismissed, for want
of prosecution, any claims that plaintiff was attempting to assert
against them.

## II.  **Motion to Add New Party Defendant**

Plaintiff brings his motion for leave to add additional
parties "in order to add District Attorney, Kurt Sistrunk, as a
party defendant herein for his part in the wrongful denial of
Plaintiff's constitutional rights and the systematic engagement of
the pattern and practice to deny citizens their constitutional
rights."[11]   Plaintiff seeks to assert a claim for malicious
prosecution against District Attorney Sistrunk.  Plaintiff argues
that defendants will not be prejudiced by the addition of District
Attorney Sistrunk as a new party defendant because "the cause of
action for malicious prosecution was somewhat obvious and was made
known by this court's opinion dated December 13, 2006,"[12] and
because the interest of judicial economy will be served by having

---

[11]Plaintiff's Motion for Leave to Add Additional Parties,
Docket Entry No. 29, p. 2.

[12]Id. at p. 2, ¶ 4.

this claim "added to this existing law suit which is still in its infancy and would not be unduly hampered or delayed by its addition or presence."[13]

Defendants argue that plaintiff's motion should be denied because it is untimely and because plaintiff's attempt to add the Galveston District Attorney as a party defendant in this action is futile and dilatory.  The court agrees.

## A.   Plaintiff's Motion to Add New Party is Untimely

On January 16, 2007, the court entered a Docket Control Order (Docket Entry No. 24) setting a deadline of January 30, 2007, for filing motions to amend the pleadings, and a deadline of March 1, 2007, for filing motions to add new parties.  Plaintiff's Motion for Leave to Add Additional Parties (Docket Entry No. 29) was filed on March 2, 2007, one day after the deadline established by the Docket Control Order.  Thus, plaintiff's motion to add new parties is untimely.

## B.   Plaintiff's Motion to Add New Party is Futile and Dilatory

Although the untimeliness of plaintiff's motion to add new parties provides sufficient cause to deny the plaintiff's motion, the court also concludes that plaintiff's motion should be denied as futile and dilatory.  As the elected District Attorney of Galveston County, Sistrunk is likely to be absolutely immune from the malicious prosecution claim that plaintiff attempts to assert

---

[13]Id. at p. 3, ¶ 4.

against him, yet plaintiff has failed to offer any explanation why Sistrunk would not be absolutely immune from such a claim.  See Cousin v. Small, 325 F.3d 627, 631 (5th Cir.), cert. denied sub nom. Cousin v. Berry, 124 S.Ct. 181 (2003) (citing Imbler v. Pachtman, 96 S.Ct. 984 (1976) ("prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process").  Nor has plaintiff explained how District Attorney Sistrunk was personally involved in plaintiff's prosecution, despite the fact that to state a claim against Sistrunk plaintiff must allege facts showing that Sistrunk was personally involved in a violation of plaintiff's constitutional rights, or that Sistrunk's acts were causally connected to an alleged violation of plaintiff's constitutional rights.  See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  Nor has plaintiff explained why the malicious prosecution claim that he seeks to assert against Sistrunk would even be cognizable, or why he has waited until now, more than a year after he initially filed suit, and almost two years after the criminal charges that form the basis of his malicious prosecution claim were resolved in his favor, to attempt to assert this claim against Sistrunk.  See Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003) (en banc), cert. denied, 125 S.Ct. 31 and 33 (2004) ("'malicious prosecution' standing alone is no violation of the United States Constitution . . . to proceed

-8-

under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law"). See also Penley v. Collin County, Tex., 446 F.3d 572, 573 (5th Cir.), cert. denied, 127 S.Ct. 216 (2006) (malicious prosecution claim provides no federal cause of action).

Because plaintiff's motion fails to explain why Sistrunk would not be absolutely immune from the malicious prosecution claim that plaintiff seeks to assert against him, fails to describe any facts capable of showing that Sistrunk had any contact with the plaintiff or that Sistrunk participated in any way in any alleged violation of plaintiff's constitutional rights, and fails to explain why he could not have alleged a malicious prosecution claim against Sistrunk in his Original Petition, the court concludes that granting plaintiff's motion to add Sistrunk as an addition party defendant would be futile, and that plaintiff's attempt to now add Sistrunk as a party defendant evidences a dilatory motive.

### III.  **Plaintiff's Federal Law Claims**

On December 13, 2006, the court entered a Memorandum Opinion and Order (Docket Entry No. 21) that concluded the federal law claims that plaintiff alleged for wrongful (false) arrest, wrongful detention (false imprisonment), and wrongful (malicious) prosecution based on the events of November 23, 2003, were not barred by limitations because they accrued and the statute of limitations began to run in April of 2005, when plaintiff's prosecution for assault of a public servant ended in his favor, and

-9-

did not specifically address defendants' argument that the Supreme Court's decision in <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), bars the wrongful (false) arrest claim that plaintiff alleged based on the events of November 30, 2003.   The Supreme Court's recent decision in <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007), calls into question this court's prior conclusion that the claims arising from the events of November 23, 2003, are not time-barred.   The court will therefore revisit that issue and will address the application of <u>Heck</u> to the wrongful (false) arrest claim that plaintiff has alleged based on his November 30, 2003, arrest.

**A.   Federal Claims Based on Events of November 23, 2003**

      1.   <u>Wrongful Arrest and Wrongful Detention</u>

In <u>Wallace</u>, 127 S.Ct. at 1097, the Supreme Court held that a plaintiff must bring a § 1983 claim for false arrest within the relevant limitations period, even if the § 1983 claim might impugn an anticipated future conviction.   There, the plaintiff brought a § 1983 claim for false arrest against several police officers one year after the charges against them were dismissed, but some eight years after he was initially arrested.   <u>Id.</u>, 127 S.Ct. at 1094. The plaintiff argued that the Supreme Court's opinion in <u>Heck</u>, 114 S.Ct. at 2364, required tolling of the statute of limitations during the pendency of the criminal proceedings stemming from the arrest because a ruling on the constitutionality of his arrest in a concurrent § 1983 action could have undermined the state criminal proceedings.

The Court began its analysis by observing that "[t]here can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." Id. at 1095. Analogizing the petitioner's false arrest claim to the tort of false imprisonment, the Court explained that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Id. at 1096. The Court then explained that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process," id. at 1095 (emphasis in original), and that "a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 1096. Applying these principles to the facts before it, the Court concluded that

> petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him must be rejected. It ended much earlier, when legal process was initiated against him, and the statute [of limitations] would have begun to run from that date.

Id. at 1096. In other words, the Court concluded that "the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years elapsed between that date and the filing of this suit . . . the action was time barred." Id. at 1097.

Because the petitioner contended that the Court's decision in Heck v. Humphrey, 114 S.Ct. at 2364, compelled the conclusion that his suit could not accrue until the state dropped its charges against him, the Court examined the contours of the Heck rule for deferred accrual.  In Heck, 114 S.Ct. 2372, the Court held that a district court may not hear a § 1983 action for damages when that action, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence.  The Court explained that such a claim accrues only when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id.  The Wallace Court explained that "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'"  Id. at 1097-1098.

Even assuming for purposes of the false arrest claim at issue in Wallace that the Heck principle would be applied not to the date of accrual but to the date on which the statute of limitations began to run, that is, the date petitioner became held pursuant to legal process, the Court concluded that "[e]ven at that later time, there was in existence no criminal conviction that the cause of action would impugn."  Id. at 1098.  Declining the petitioner's

invitation to adopt "a principle that goes well beyond <u>Heck</u>:  that

an action which would impugn an anticipated future conviction

cannot be brought until that conviction occurs and is set aside,"

<u>id.</u>, the Court held that

> the statute of limitations upon a § 1983 claim seeking
> damages for a false arrest in violation of the Fourth
> Amendment, where the arrest is followed by criminal
> proceedings, begins to run at the time the claimant
> becomes detained pursuant to legal process.  Since in the
> present case this occurred . . . more than two years
> before the complaint was filed, the suit was out of time.

<u>Id.</u> at 1100.

Despite Fifth Circuit decisions that previously held

otherwise, <u>see</u> <u>Price</u>, 431 F.3d at 892, and <u>Brandley</u>, 64 F.3d at

196, the Supreme Court's decision in <u>Wallace</u> establishes that

regardless of the potential effect on pending or future criminal

proceedings, a plaintiff must file a § 1983 action within the

relevant limitations period.  The <u>Wallace</u> Court explained that

> [i]f a plaintiff files a false arrest claim before he has
> been convicted (or files any other claim related to
> rulings that will likely be made in a pending or
> anticipated criminal trial), it is within the power of
> the district court, and in accord with common practice,
> to stay the civil action until the criminal case or the
> likelihood of a criminal case is ended.

<u>Id.</u> at 1098.  Thus, <u>Wallace</u> teaches that the issuance of a stay --

and not the tolling of an action -- is the appropriate device to

prevent federal courts from undercutting state criminal convictions

by preordaining in § 1983 actions the constitutionality of arrests

or seizures.  <u>Id.</u>

-13-

In its December 13, 2006, Memorandum Opinion and Order, the court applied the Fifth Circuit's decisions in <u>Price</u>, 431 F.3d at 892, and <u>Brandley</u>, 64 F.3d at 196, to conclude that the accrual date and beginning of the statute of limitations on the plaintiff's causes of action for wrongful (false) arrest and wrongful detention (false imprisonment) arising from his arrest on November 23, 2003, had been deferred during the pendency of the assault charges subsequently brought against him. Since that interpretation has been supplanted by the Supreme Court's intervening decision in <u>Wallace</u>, 127 S.Ct. at 1098, plaintiff's § 1983 claims for wrongful (false) arrest and wrongful detention (false imprisonment), which were brought over two years after his arrest and detention on November 23, 2003, are neither timely under the relevant two-year statute of limitations, nor preserved by the <u>Heck</u> rule for deferred accrual. The court therefore concludes that defendants are entitled to summary judgment on the claims for wrongful (false) arrest and wrongful detention (false imprisonment) that plaintiff alleged based on his arrest and detention on November 23, 2003, because those claims accrued and the statute of limitations began to run on November 23, 2003, and not in April of 2005, when the criminal charges for which plaintiff was subsequently prosecuted ended in his favor. Because plaintiff did not file his federal claims for wrongful (false) arrest and wrongful detention (false imprisonment) until more than two years later, on November 30, 2005, they are time barred.

2.   <u>Malicious Prosecution</u>

Plaintiff's Original Petition does not contain an expressly alleged claim for malicious prosecution.[14]  Nevertheless, plaintiff has twice sought leave to amend his complaint to assert such a claim,[15] and has sought leave to add an additional party against whom such a claim could be alleged.[16]  To the extent that plaintiff might be inclined to argue that language included in his Original Petition is capable of supporting a claim for malicious prosecution, that argument fails.   In his Original Petition plaintiff alleges that

> Chief Kenneth Mack, together with the other Defendants, participated in a conspiracy to conceal the illegal conduct and further violated Plaintiff's rights by falsely charging and furthering wrongful prosecution of Plaintiff with criminal activity for which they knew the Plaintiff was innocent.[17]

These allegations appear to allege that Chief Mack and others caused charges to be filed against plaintiff without probable cause.  The Fifth Circuit has held that causing charges to be filed without probable cause does not, without more, violate the

---

[14]See Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, pp. 10-14 (expressly identifying claims for negligence, gross negligence, assault and battery, negligence per se, and false imprisonment).

[15]See Motion for Leave to File Amended Complaint, Docket Entry No. 27, and Second Motion for Leave to File Amended Complaint, Docket Entry No. 33.

[16]See Motion for Leave to Add Additional Parties, Docket Entry No. 29, and Opposed Motion for Leave to File Motion for Leave to Additional Parties, Docket Entry No. 32.

[17]See Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, p. 11.

Constitution.  Shields v. Twiss, 389 F.3d 142, 150 (5th Cir. 2004)
(citing Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003)(en
banc), cert. denied, 125 S.Ct. 31 and 33 (2004)).  In Castellano
352 F.3d at 953, the court explained that the initiation of
criminal charges without probable cause could set in force events
which did run afoul of explicit constitutional protections, such as
the Fourth Amendment based on a seizure or arrest, or other
constitutionally secured rights if a case is further pursued, but
that these are not claims for malicious prosecution, and labeling
them as such only invites confusion.  Since there is no free-
standing constitutional right to be free from malicious
prosecution, and since Plaintiff's Original Petition does not
identify any specific constitutional right violated by Chief Mack
or the other unnamed defendants, the court concludes that any
federal claim plaintiff asserted or attempted to assert in his
Original Petition for malicious prosecution should be dismissed
because it is not cognizable.[18]

---

[18]Nor is the court persuaded that plaintiff has succeeded in
alleging a cognizable federal claim for malicious prosecution in
the amended complaint that he seeks leave to file.  There plaintiff
alleges

> [a]ll defendants have intentionally, wrongfully
> instituted and wrongfully and maliciously prosecuted
> Plaintiff of the alleged criminal act of assault on a
> public servant without probably cause.  These Defendants
> have maliciously, wrongfully, falsely and knowingly made
> Plaintiff the subject of the criminal legal process to
> Plaintiff's great injury and damage without probable
> cause.

(continued...)

**B.    Federal Claim for False Arrest on November 30, 2003**

In addition to claims based on the events of November 23, 2003, Plaintiff's Original Petition alleges that

> [t]he Defendant peace officers, both named and unnamed, known and unknown, assisting in the initial arrest, and the remaining Defendants acting Police Chief Kenneth Mack, the City of Galveston and Galveston Police Department, under color of law, unlawfully arrested Plaintiff, illegally detained Plaintiff and deprived Plaintiff of his liberty, using excessive force in the making of the arrest at issue and later, again falsely arresting and charging Plaintiff with a second crime.[19]

These allegations can be liberally read to assert claims for false arrest, false imprisonment, and malicious prosecution arising from plaintiff's second arrest on November 30, 2003, for DWI.[20]  In the

---

[18](...continued)
(Docket Entry No. 33-2, p. 14, ¶ 29(A).   Plaintiff also alleges that

> Defendants intentionally and wrongfully pursued the prosecution of Plaintiff on the "assault on a public servant" charge as part of their design and plan to use such charge to intimidate and coerce Plaintiff into a plea of nolo contender on the subsequent DWI charge in exchange for the dismissal of the "assault" as part of their conspiracy, plan and/or design to hide and cover-up all of the wrongful conduct of these Defendants toward Plaintiff, to his great injury and damage — all without probable cause.

(Docket Entry No. 33-2, p. 18, ¶ k)

[19]See Plaintiff's Original Petition, attached to Defendants' Notice of Removal, Docket Entry No. 1, p. 14, ¶ 42.

[20]Similar allegations are also included in the Amended Complaint that plaintiff seeks leave to file.  See Plaintiff Arnulfo Andres Lopez' First Amended Complaint, Docket Entry No. 33-2, p. 18, ¶ J where plaintiff alleges

(continued...)

-17-

motion to dismiss filed on June 20, 2006, defendants argued that these claims are barred by Heck, 114 S.Ct. 2364 (1994).[21]   The amended complaint that plaintiff seeks leave to file makes clear that plaintiff entered a plea of nolo contender to the DWI charge filed against him on November 30, 2003, and has not alleged that charge has subsequently been resolved in his favor.[22]

Under Heck, 114 S.Ct. at 2372, a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on

_____

[20](...continued)
[t]he Defendant peace officers, both named and unnamed, known and unknown, assisting in the initial illegal arrest, and the remaining Defendants (acting Police Chief Kenneth Mack, the City of Galveston, Galveston Police Department and District Attorney), under color of law, unlawfully arrested Plaintiff, illegally detained Plaintiff and deprived Plaintiff of his liberty, using excessive and unreasonable force in the making of the wrongful arrest, and in falsely imprisoning Plaintiff on November 23, 2003, and later, in wrongfully arresting and charging Plaintiff with a second offense on November 30, 2003, and in wrongfully and maliciously prosecuting both offenses against Plaintiff.

[21]Galveston's Motion to Dismiss, Docket Entry No. 7, p. 4 & n.1.

[22]See Plaintiff Arnulfo Andres Lopez' First Amended Complaint, Docket Entry No. 33-2, p. 16, ¶ E where plaintiff alleges

The County Court case on the simple assault was ultimately dismissed by the Prosecution as part of the coerced plea of "nolo contender" by Plaintiff on the November 30, 2003, charge of Driving While Intoxicated, thus securing a wrongful conviction of Plaintiff while also covering up and burying the "assault" case, which was replete with all of the wrongful, malicious, abusive and false actions and violations by these Defendants.

-18-

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions that are "still outstanding." Id. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . ."). Therefore, the maturity of a § 1983 claim depends on "whether a judgment in [the plaintiff's favor . . . would necessarily imply the invalidity of his conviction." Id. at 2372.

Plaintiff has not alleged that his conviction and sentence for DWI on November 30, 2003, has been reversed on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding. Thus plaintiff's § 1983 claims arising from his arrest, detention, and prosecution for DWI on November 30, 2003, may be entertained only if the court determines that a holding in plaintiff's favor will not necessarily call into question the validity of his conviction. See Hudson v. Hughes, 98 F.3d 868, 872 (1996). Since as a result of his arrest on November 30, 2003, plaintiff was charged and convicted of DWI pursuant to a no contest

-19-

plea, his allegations of arrest, imprisonment, and prosecution without probable cause would, if true, necessarily implicate the validity of his conviction.  The Fifth Circuit has repeatedly held that civil rights claims of this nature are barred by Heck.  See Hudson, 98 F.3d at 872-73 (holding that allegations of false arrest are not cognizable under the doctrine of Heck if a successful civil rights claim would call into question the validity of the plaintiff's conviction).  Accordingly, any § 1983 claims that plaintiff has alleged or attempted to allege for false arrest, imprisonment, and/or malicious prosecution arising from his arrest on November 30, 2003, must be dismissed with prejudice to being reasserted until the Heck conditions are met.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

## IV.  Remaining State Law Claim for Malicious Prosecution

Federal courts are courts of limited jurisdiction.  They adjudicate claims arising from violations of federal law including the U.S. Constitution, claims in which diversity of the parties is present, and pendant state law claims over which the court may exercise supplemental jurisdiction.  The city removed the action to this court pursuant to 28 U.S.C. § 1441, on grounds that plaintiff had asserted claims based on federal law, namely 42 U.S.C. § 1983, thereby triggering this court's federal question jurisdiction under

28 U.S.C. § 1331.[23]   Since the court has concluded that the plaintiff's only federal claims are subject to dismissal, no federal question remains before the court.   Although this fact alone does not divest the court of jurisdiction, in Carnegie-Mellon Univ. v. Cohill, 108 S.Ct. 614, 619 n.7 (1988), the Supreme Court stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Moreover, the general rule in this circuit is to dismiss state claims when the federal claims they supplement are dismissed. Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)).   See United Mine Workers v. Gibbs, 86 S.Ct. 1130, 1139 (1966)(ordinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well).

Because the court has concluded that all of the federal claims asserted in this action are subject to dismissal and because this action is still at an early stage, the court declines to exercise supplemental jurisdiction over any remaining state law claim that plaintiff may be attempting to assert for wrongful (malicious)

---

[23]Notice of Removal, Docket Entry No. 1, ¶ 4.

prosecution.  <u>See</u> 28 U.S.C. §1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction.").  Accordingly, the court concludes that the plaintiff's state law claims should be remanded to state court.

**V.   <u>Conclusions and Order of Remand</u>**

For the reasons explained above in § II the court concludes that plaintiff's motion for leave to add new parties is untimely, futile, and dilatory.  Accordingly, Plaintiff's Motion for Leave to Add Additional Parties (Docket Entry No. 29) and Plaintiff's Motion for Leave to File "Motion for Leave to Add Additional Parties" One Day Late (Docket Entry No. 32) are **DENIED**.

For the reasons explained above in § III.A.1 the court concludes that its prior decision that plaintiff's federal claims for wrongful (false) arrest and wrongful detention (false imprisonment) on November 23, 2003, were not barred by limitations has been undermined by the Supreme Court's recent decision in <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007).  Upon reconsideration in light of <u>Wallace</u> the court concludes that defendants are entitled to summary judgment on plaintiff's federal law claims for wrongful (false) arrest and wrongful detention (false imprisonment) on November 23, 2003.

For the reasons explained above in § III.A.2 the court concludes that any federal claim plaintiff has alleged or attempted to allege for malicious prosecution arising from the events of November 23, 2003, is not cognizable.

For the reasons explained above in § III.B the court concludes that the federal claims that plaintiff has asserted or attempted to assert for wrongful (false) arrest, wrongful detention (false imprisonment), and/or wrongful (malicious) prosecution arising from his arrest on November 30, 2003, and subsequent prosecution for DWI are barred by the Supreme Court's decision <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), and, therefore, subject to dismissal with prejudice until the <u>Heck</u> conditions are satisfied.

Accordingly, the conclusions in the court's December 13, 2006, Memorandum Opinion and Order (Docket Entry No. 21) that defendants' motion for summary judgment on plaintiff's claims for wrongful (false) arrest, wrongful detention (false imprisonment) on November 23, 2003, and for and wrongful (malicious) prosecution arising from his arrest and detention on November 23, 2003, should be denied are **VACATED**. The court concludes, instead, that the federal claims that plaintiff has alleged for wrongful (false) arrest and wrongful detention (false imprisonment) arising on November 23, 2003, are barred by limitations, that any wrongful (malicious) prosecution claim that plaintiff may be attempting to assert based on the events of November 23, 2003, is not cognizable,

and that the federal law claims that plaintiff has alleged or attempted to allege for wrongful (false) arrest, wrongful detention (false arrest), and wrongful (malicious) prosecution arising from the events of November 30, 2003, are subject to dismissal because plaintiff has failed to satisfy the preconditions to suit established by the Supreme Court in <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994). Accordingly, the court concludes that all the federal law claims asserted or potentially asserted in this action are subject either to summary judgment or to dismissal. (See attached Claim Chart.)

For the reasons explained in § IV the court declines to exercise supplemental jurisdiction over any claim that plaintiff has asserted or attempted to assert for malicious prosecution under state law. Accordingly, this action is **REMANDED** to the 405th Judicial District Court of Galveston County, Texas, Cause No. 05-CV-1522 (Petition styled <u>Arnulfo Andres Lopez v. Unknown Galveston Police Officer #1, a/k/a "Officer Pope," Individually and as a Police Officer with the Galveston Police Department, Unknown Galveston Police Officer #2, a/k/a "Whitey," Individually and as a Police Officer with the Galveston Police Department, Unknown Galveston Police Officer #3, a/k/a "Officer Caldwell," Individually and as a Police Officer with the Galveston Police Department, Unknown Galveston Police Officer #4, a/k/a "Officer Chapman," Individually and as a Police Officer with the Galveston Police</u>

<u>Department; Kenneth Mack, Individually and in His Capacity as Chief</u> <u>of Police of the Galveston Police Department, The Galveston Police</u> <u>Department and The City of Galveston</u>.  The Clerk of this court is **ORDERED** to promptly send a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Galveston County, Texas.

　　**SIGNED** at Houston, Texas, on this 11th day of April, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

**CLAIM CHART**

| Claim | November 23 | November 30 |
|---|---|---|
| § 1983 False Arrest | barred by limitations | barred by <u>Heck</u> |
| § 1983 False Imprisonment | barred by limitations | barred by <u>Heck</u> |
| § 1983 Malicious Prosecution | not cognizable | not cognizable; if cognizable, barred by <u>Heck</u> |
| § 1983 Excessive Use of Force | barred by limitations | not asserted |
| State Law Assault and Battery | barred by limitations | barred by limitations |
| State Law False Imprisonment | barred by limitations | barred by limitations |
| State Law Conspiracy | barred by limitations | barred by limitations |
| State Law Negligence | barred by limitations | barred by limitations |
| State Law Gross Negligence | barred by limitations | barred by limitations |
| State Law Negligence Per Se | barred by limitations | barred by limitations |
| State Law Malicious Prosecution | remanded | remanded |